# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | **CRIMINAL NO. 4:15-cr-00015** |
| | § | |
| **v.** | § | |
| | § | |
| **RICHARD ARTHUR EVANS** | § | |

## UNITED STATES MEMORANDUM FOR FORFEITURE HEARING

The United States of America respectfully submits the following memorandum relating to the February 6, 2017 forfeiture hearing.

                                              Respectfully submitted,

                                              KENNETH MAGIDSON
                                              UNITED STATES ATTORNEY

By:    <u>s/ Lori S. Roth</u>
          Lori S. Roth
          Assistant United States Attorney
          United States Attorney's Office
          1000 Louisiana, Suite 2300
          Houston, Texas 77002
          (713) 567- 9547

Forfeiture of proceeds is mandatory under 18 U.S.C. § 981(a)(1)(C) (applicable through 28 U.S.C. § 2461(c)). The Court may impose a money judgment representing the proceeds of the offenses of conviction and order the forfeiture of specific property constituting proceeds.[1] The Government's two issues are:[2] (a) the amount of a money judgment—the evidence supports a money judgment of at least $2.6 million;[3] and (b) the forfeiture of specific money orders and approximately $8,064 in cash seized from Defendant's office—the evidence establishes they are forfeitable as proceeds of the offenses. In support, the United States plans to call IRS Special Agent Terry McGee as a witness and plans to introduce the following exhibits:

- Summary chart of payments from Schedule II patients included in proceeds calculation (Exhibit Forfeiture # 1)

- List of Schedule II patients included in proceeds calculation (Exhibit Forfeiture # 2)

- Photographs of seized cash (Exhibit Forfeiture # 3 through # 5)

- Currency verification sheets for seized $8,064 cash (Exhibit Forfeiture # 6)

- Daily receipts for 9/12/2012 (Exhibit Forfeiture # 7)

- Daily receipts for 9/11/2012 (Exhibit Forfeiture # 8)

- Copies of seized money orders (Exhibit Forfeiture # 9)

---

[1] Fed. R. Crim. P. 32.2(b)(1)(A); *see United States v. Nagin*, 810 F.3d 348, 353 (5th Cir. 2016)("The amount of a personal money judgment is measured by the proceeds of the defendant's illegal activity, rather than the amount of assets he retains at the time of sentencing"); *United States v. Olguin*, 643 F.3d 384, 397 (5th Cir. 2011) (endorsing money judgments and rejecting defendant's argument that he should not be liable for amounts received by his co-conspirators).

[2] The burden of proof for forfeiture determinations is by a preponderance of the evidence, and the Court's determination "may be based on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). Because forfeiture is a part of sentencing, the Federal Rules of Evidence do not apply, and hearsay is admissible.

[3] The United States initially filed a motion (Doc. No. 270) requesting that the Court impose, at a minimum, a $2,401,761.41 money judgment based upon evidence at trial that Schedule II "patients" paid Evans approximately $2,401,761.41. However, since trial, Agent McGee has continued to analyze evidence, which shows that Schedule II patients paid approximately $2.6 million from January 2010 through September 2012. Such amounts do not include the money Schedule II "patients" also paid the co-conspirator's pharmacy for the pills themselves that were dispensed as part of the conspiracy.

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing motion was served on counsel of record via the Court's electronic filing system on February 3, 2017.

s/ Lori S. Roth
Lori S. Roth
Assistant United States Attorney
