UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CRIMINAL NO. 4:15-CR-15-2** |
| | § | |
| **RICHARD ARTHUR EVANS** | § | |

### RICHARD EVANS' RESPONSE TO GOVERNMENT'S MEMORANDUM REGARDING MAIL FRAUD

The government's "supplemental memorandum regarding mail fraud" filed February 9th proves there was no mail fraud.[1]

First, the government says that the "general public" was the victim. That theory was never pleaded or proved … but anyway is foreclosed by *Cleveland v. United States*, 531 U.S. 12, 15 (2000) ("[F]or purposes of the mail fraud statute, the thing obtained must be property in the hands of the victim," and Evans received no "property" from the "general public") and *Skilling v. United States*, 561 U.S. 358, 408 (2010) (no "honest services" fraud without a bribe or kickback, which the government conceded did not exist here, *see* Tr. 2062 (Court: And it's not kickbacks; right? Mr. Joubert: Yes, Your Honor) and all the cases cited in our Motion for Bond pending appeal.

So then the government says that the "patients" were the victims because some of them paid $240 per month even if they only had one office visit every three months. But that "scheme" involves no "misrepresentation" and cannot constitute mail fraud. (Moreover, multiple prescriptions but only one office per three months is entirely permissible under DEA regulations. *See* 21 C.F.R. § 1306.12(b) ("An individual practitioner may issue multiple prescriptions

---

[1] The government says that Evans did not raise the mail fraud counts during trial. That is not true. Evans joined Devido's pretrial motion to dismiss the mail fraud counts (Docket Entry No. 79) and moved for acquittal at the close of the government's case. (Tr. 1759–60).

authorizing the patient to receive a total of up to a 90–day supply of a Schedule II controlled substance," and "how often to see their patients when doing so" is up to the doctor).

Next, the government appears to argue that Dr. Evans misrepresented that he was a "doctor." But Evans *was* a licensed doctor. If his patients were in real pain and needed medication, then his prescriptions were valid and his patients were not deceived. If his patients were drug dealers, then they also were not misled. Indeed, that is what the government argued at trial: "[The patients] got what they wanted, … and [Dr. Evans] got what he wanted." Tr. 2345 (government's closing argument). Mail Fraud Counts 10 and 14 allege prescriptions to Jaime Bourke. The government never argued that Dr. Evans lied to Bourke; rather, it argued that Bourke "lied to the doctor in order to keep getting pills." Tr. 2360. Counts 8, 9, 11, 12, 13, and 15 involve patients who did not testify, so we do not know which category (legitimate pain patient or drug dealer) they fall into, but neither category involves mail fraud.

It is no surprise that the government does not cite a single oxycodone case in its mail fraud brief. The mail fraud charge is inadequate, which infects the conspiracy count.

Respectfully submitted,

/s/ *David Gerger*
David Gerger
Texas Bar No. 07816360
davidgerger@quinnemanuel.com
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Phone: 713-221-7000
Fax: 713-221-7200

Charley Davidson
Texas Bar No. 05430700
HANSZEN LAPORTE LLP
11767 Katy Freeway, Suite 850
Houston, TX 77079
Phone: 713-522-9444
Fax: 713-524-2580

**ATTORNEYS FOR DEFENDANT
RICHARD ARTHUR EVANS**

### CERTIFICATE OF SERVICE

I hereby certify that on the day of filing, a copy of the foregoing pleading was served via ECF filing to Quincy Ollison and Cedric Joubert, counsel for the United States.

/s/ *David Gerger*
David Gerger